IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KARRIS A. BILAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 6978 |
| | ) | |
| MARCIAL TOPPER WOLF, individually and in her official capacity with the Illinois Attorney Registration and Disciplinary Commission, and DAWN M. LAWKOWSKI, in her official capacity with the Cook County Public Guardian, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Karris Bilal brought claims related to disciplinary proceedings before the Illinois Attorney Registration and Disciplinary Commission's ("ARDC") that resulted in Bilal's law license being suspended for 18 months. Named as defendants, in their individual and official capacities, were Marcia Wolf, the ARDC attorney who investigated and initially prosecuted the ARDC charges against Bilal, and Dawn Lawkowski, a

Cook County Public Guardian attorney who had opposed Bilal in litigation and reported an alleged ethical violation to the ARDC.

On June 29, 2009, following the granting of defendants' motions to dismiss, see Bilal v. Wolf, 2009 WL 1871676 (N.D. Ill. June 25, 2009), a judgment was entered dismissing plaintiff's cause of action. The damages claims against the individual defendants were dismissed on the ground that, pursuant to federal common law, prosecutorial immunity applied to Wolf, see id. at *6, and witness immunity applied to Lawkowski, see id. at *7. The official capacity damages claims were held to be barred by the Eleventh Amendment. See id. at *5-6. It was held that plaintiff lacked standing to seek injunctive relief since there was no allegation that he was still being investigated for further violations. See id. at *5. Additionally, it was held that this court had no jurisdiction to order a criminal investigation related to plaintiff's disciplinary proceeding, see id. at *7, and the state law claims were dismissed without prejudice since all the federal claims were being dismissed, see id. at *8. Since dismissal of the claims was based on

immunities, the Eleventh Amendment bar, standing, and jurisdiction, there was no need to address the merits of any of plaintiff's claims. There was no holding regarding whether plaintiff's factual allegations did or did not plausibly support any constitutional violation.

Plaintiff has timely moved for reconsideration. He seeks to vacate the dismissal of his cause of action and submits a proposed second amended complaint. Plaintiff's motion for reconsideration largely ignores the grounds that were the basis for dismissing his cause of action. Plaintiff generally does not address prosecutorial or witness immunity. In support of his motion, he does not present legal argument that any of Wolf's alleged conduct was not prosecutorial in nature or that any of Lawkowski's conduct fell outside the purview of federal witness immunity.

In the proposed second amended complaint, it is asserted that the complaining-witness exception to witness immunity applies, a possibility suggested in the dismissal opinion. See Bilal, 2009 WL 1871676 at *7 (citing Gauger v. Hendle, 349 F.3d

- 3 -

354, 358 (7th Cir. 2003)). See also Cervantes v. Jones, 188 F.3d 805, 809-10 (7th Cir. 1999).[1] The motion for reconsideration, however, does not mention that exception and plaintiff provides no legal argument regarding this exception. It is not the court's responsibility to conduct legal research for plaintiff. In re Maurice, 21 F.3d 767, 774 (7th Cir. 1994). The complaining-witness exception was not raised in response to Lawkowski's motion to dismiss and is not mentioned or argued in the motion for reconsideration. Reliance on the exception has been waived.

The only new contention raised by plaintiff is that he now conclusorily alleges that he is still being investigated and prosecuted by the ARDC. See Proposed 2d Am. Compl. ¶ 32

---

[1]These cases involve complaining witnesses in criminal proceedings. Even if Lawkowski qualified as a complaining witness, it would have to be held that federal common law also recognizes this exception for complaining witnesses in an attorney disciplinary proceeding. Like Illinois, other states also provide complete immunity for complaining witnesses in attorney disciplinary proceedings. See, e.g., In re Smith, 989 P.2d 165, 172 (Colo. 1999) (citing Col. R. Prof. Cond. 241.25(e)); Farber v. Dale, 392 S.E.2d 224, 226 (W. Va. 1990) (citing W. Va. State Bar Const. Art. VI, § 43). No opinion is expressed as to whether, under the federal common law of witness immunity, there should be an exception for a complaining witness in an attorney disciplinary proceeding.

("Currently, in violation of the Equal Protection and Due Process Clause of the Fourteenth Amendment, the ARDC is presently retaliating against Plaintiff by investigating further frivolous violations of applicable rules. In fact, unlike with other allegations made against attorneys, every claim made against Plaintiff automatically triggers an investigation, sworn statements, and a complaint--costing Plaintiff thousands of dollars to defend."). But even if his allegations are sufficient to support a case or controversy regarding injunctive relief, it has previously been held in this case that this court cannot review or interfere with state attorney disciplinary proceedings. See Bilal, 2009 WL 1871676 at *6; March 19, 2009 Order [120] (denying preliminary injunction). If plaintiff believes he has been and continues to be improperly treated in ARDC proceedings, he must seek relief in appropriate state court proceedings and/or appeal any adverse Illinois Supreme Court decision to the United States Supreme Court.

For the foregoing reasons, plaintiff's motion for reconsideration will be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration [140] is denied.

ENTER:

*/s/ William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 28, 2009